IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 3135 |
| | ) |
| JOHN GRAHAM, ET AL., | ) |
| | ) |
| Defendants. | ) |

# **OPINION AND ORDER**

This action arises under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff Calvin Buchanan claims deprivations of constitutional rights by acts and omissions committed under color of state law by defendants Craig Hammermeister, John Graham, and unknown officers of the Chicago Police Department. Additionally, plaintiff asserts Illinois state law claims of false arrest and imprisonment, assault and battery, malicious prosecution, and intentional infliction of emotional distress. Plaintiff also alleges *respondeat superior* liability on the part of U-Pull-It North, LLC and the application of the Illinois Tort Immunity Act, 745 ILCS 10/9-102. The Court has jurisdiction. 28 U.S.C. §§ 1331, 1343, 1367.

Plaintiff's First Amended Complaint alleges three federal claims: (I) unlawful seizure; (II) excessive force; and (III) conspiracy.  The Complaint alleges four substantive state law claims:  (IV) false arrest and imprisonment; (V) assault and battery; (VI) malicious prosecution; and (VII) intentional infliction of emotional distress.  There is also an indemnification claim (IX) against the City of Chicago.  Additionally, there was a *respondeat superior* claim (VIII) against U-Pull-It, but, by agreement, U-Pull-It has been dismissed from this action.  *See* Orders dated Nov. 8, 2012 [94], Nov. 20, 2012 [98].

Defendants Hammermeister, Graham, and the City of Chicago have moved for summary judgment.  Hammermeister moves as to all claims and Graham as to all claims against him except Count II, for excessive force.  Defendants Hammermeister and Graham both assert qualified immunity.  Plaintiff does not oppose the dismissal of Count III (conspiracy), nor the dismissal of the unknown Chicago police officers.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant.  **Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.**, 555 U.S. 271, 274 n.1 (2009); **Malen v. MTD Prods., Inc.**,

628 F.3d 296, 303 (7th Cir. 2010); *Stokes v. Bd. of Educ. of City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the
> initial burden of production to identify "those portions of the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." ***Logan v. Commercial Union Ins. Co.***, 96 F.3d 971, 978 (7th Cir. 1996) (citing ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)).  The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case."  ***Celotex***, 477 U.S. at 325, 106 S. Ct. 2548.  Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'"  ***Logan***, 96 F.3d at 978.  "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute."  ***Id.*** (citation omitted).  In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment."  ***McGinn v. Burlington Northern R.R. Co.***, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted).  Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986).  Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'"  ***Logan***, 96 F.3d at 978 (quoting ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

Drawing all reasonable inferences and resolving all genuine factual disputes in favor of plaintiff, the party opposing the motions for summary judgment, the facts assumed to be true for purposes of the summary judgment motions are as follows. On January 18, 2010 at 1:30 p.m., plaintiff was a customer at U-Pull-It seeking to purchase used automotive parts. Customers who come on the premises to self-select auto parts and who bring with them their own auto parts for comparison are required to have their own parts marked by an attendant before looking for parts to purchase.

Plaintiff approached the cashier and placed used parts on the counter for pricing by the cashier. Plaintiff also had on the floor a bag of auto parts which he later stated were his own parts brought to the premises, though the parts had not been marked by an attendant. Defendant Hammermeister is a Chicago police officer who was working as a security guard on the premises. Hammermeister saw plaintiff's bag, removed the contents to the counter, and told plaintiff he was required to pay for the items removed from his bag. Hammermeister testified that he believed plaintiff was trying to steal the auto parts that were in the bag.

An argument began. Plaintiff stated that the parts in the bag were his. Hammermeister told plaintiff he would have to pay for the parts. The parties yelled at each other. At some point, Hammermeister identified himself as a police officer and pointed a weapon at plaintiff. During the argument, saliva collected in and around plaintiff's mouth. Hammermeister told the cashier to call 911, which he did.

There is a dispute as to what, if any, insulting remarks were made by plaintiff about police officers. Hammerstein has testified, and plaintiff denies, that plaintiff spit on him and threatened him. Danny Diaz, manager of the facility, intervened to stop the altercation. He heard plaintiff say that he wasn't afraid of police and that he didn't want to spit at Hammermeister. Diaz saw saliva on plaintiff's face but did not see him spit on Hammermeister. Edwardo Brito, the cashier who was present, testified that he did not see plaintiff spit on Hammermeister.

Hammermeister asked plaintiff for his address, which he supplied. Plaintiff paid for the parts removed from the bag and left the premises in an automobile. Officer Hammermeister noted the license plate number.

Hammermeister testified that he did not arrest plaintiff because he did not have back-up.

Police officers responding to the 911 call arrived after plaintiff had already left the premises, approximately 40 minutes after the call had been made. According to a report made by the responding officers, Hammermeister stated plaintiff spit on him while screaming that he had AIDS.

Later in the afternoon, plaintiff returned to U-Pull-It, accompanied by his mother, and demanded a refund for the items for which he had previously paid and was given a refund. Angry words were exchanged between plaintiff and Hammermeister before plaintiff left the site.

At the end of his day at U-Pull-It, Hammermeister went to a police station and reported the incident to defendant Detective John Graham. With the address given by plaintiff to Hammermeister and the physical description provided, Graham generated a photo array and Hammermeister identified plaintiff. Hammermeister signed a complaint charging plaintiff with "Aggravated Battery to a Police Officer." The complaint alleged plaintiff "knowingly spit on the victim (P.O.C. HAMMERMEISTER) a Chicago Police Officer knowing the victim to be a peace officer, causing injury of an insulting or provoking nature." Plaintiff was

arrested by Graham that day.  Subsequent to the arrest, Graham obtained the surveillance tape made at U-Pull-It during the encounter and interviewed the cashier and manager.

Plaintiff was taken to a police station where he was interviewed. Plaintiff alleges that, while in custody he was punched and beaten by Graham and unknown officers.  Plaintiff requested that he be taken to a hospital.  He was transported to Resurrection Hospital where he was treated and released into police custody.

Plaintiff remained in custody for five days.  On January 25, 2010, Hammermeister testified at a preliminary hearing.  The court found that there was no probable cause that the offense was committed, saying that the wrong section of the criminal code had been cited by the State's Attorney.  On February 22, 2010, Detective Graham testified before a Grand Jury relating the complaint and his investigation.  Plaintiff was indicted.

A bench trial was held on October 19, 2010 concerning the charge of aggravated battery of a peace officer.  720 ILCS 5/12-4(b)(18).  Hammermeister, and the U-Pull-It representatives testified.  Plaintiff did not testify.  Plaintiff called

as a witness the Director of CeaseFire, a non-profit organization where he had once volunteered, who described plaintiff's excitable nature.

During final argument, plaintiff's counsel made the following statement:

> But what happened here isn't worthy of a Class 2 conviction. It's an assault. It's a misdemeanor assault. It's a misdemeanor battery. It's spit on a man's sweatshirt, Judge. And we ask you to find him not guilty on this charge.

Oct. 19, 2010 Tr. at 120 (Hammermeister Exh. J).

Plaintiff was acquitted of aggravated battery of a peace officer. The judge stated in part:

> But it is only Officer Hammermeister--it is not that I didn't believe him. It is only Officer Hammermeister that said he was spat upon, and he indicated that the spitting allotted is what could be described as non-willful expectoration, meaning that he spit during the course of his speech. His phonetic speech is certainly profoundly inappropriate behavior.
> * * *
> Now I watched the video. Officer Hammermeister displayed his weapon. I believe the display of the weapon was appropriate under the circumstances because of Mr. Buchanan's outrageous behavior. It was absolutely

> appropriate, but I don't think that the offense of aggravated battery of a peace officer was proved beyond a reasonable doubt.

Nov. 8, 2010 Tr. at 5-6 (Hammermeister Exh. J).

### Judicial Estoppel

Defendant Hammermeister argues that Counts I, II, IV, V, and VI are barred by application of the doctrine of judicial estoppel. Judicial estoppel applies when a party takes a position contrary to a position that was accepted by a court in a prior judicial proceeding. The doctrine is an extreme remedy to be "applied with caution to avoid impinging on the truthseeking function of the court." *Levinson v. United States*, 969 F.2d 260, 264-65 (7th Cir. 1992) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218-19 (6th Cir. 1990)); *Eli Lilly & Co. v. Valeant Pharm. Int'l*, 2011 WL 573761 *4 (S.D. Ind. Feb. 15, 2011); *In re Werner*, 386 B.R. 684, 700 (Bankr. N.D. Ill. April 15, 2008). Applying judicial estoppel requires that the present position be "clearly inconsistent" with one successfully taken at a prior time. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 887 (7th Cir. 2004).

The criminal proceedings resulted in an acquittal on the charge of aggravated battery. Defendant relies on the comments about misdemeanor assault

and battery that were made by plaintiff's criminal attorney during argument. But whether plaintiff committed misdemeanor battery was not an issue in the criminal proceeding; the only issue was whether he committed aggravated battery. Moreover, even if the attorney's argument could be construed as an admission that some level of battery occurred, it was not so understood by the judge who found that there was "non-willful expectoration," not a battery.

There is no basis for the application of judicial estoppel based on the prior criminal proceeding.

## Probable Cause and Qualified Immunity

In Count I, plaintiff seeks to recover from defendants Hammermeister and Graham for false arrest in violation of the Fourth Amendment.

Considering first the claim against Officer Hammermeister, it has been held that a police officer may be held liable for a false arrest claim based on false information provided by such officer that leads to an arrest. *Acevedo v. Canterbury*, 457 F.3d 712, 723 (7th Cir. 2006); *McCullah v. Gadert*, 344 F.3d 655, 660-61 (7th Cir. 2003); *Stokes*, 599 F.3d at 624 n.2. Resolving doubts in plaintiff's favor for the purpose of ruling on summary judgment, it could be found by a jury that Officer Hammermeister's report to Detective Graham was false. On

this record it must be concluded that issues of fact preclude a finding that probable cause existed for Officer Hammermeister's complaint charging plaintiff with aggravated battery of a peace officer.

Because the facts as to what happened on January 18, 2010 are in sharp dispute, Officer Hammermeister is not entitled to a summary judgment finding that he has qualified immunity for his actions. See ***Betker v. Gomez***, 692 F.3d 854, 864 (7th Cir. 2012); ***Payne v. Pauley***, 337 F.3d 767, 775-76 (7th Cir. 2003); ***Gutierrez v. City of Indianapolis***, 886 F. Supp. 2d 984, 995-96 (S.D. Ind. 2012).

Plaintiff's Fourth Amendment unlawful arrest and state false arrest and malicious prosecution claims in Counts I, IV, and VI against Detective Graham are based on his conduct. Probable cause to arrest is a bar to federal and state false arrest claims, as well as malicious prosecutions claims brought pursuant to Illinois law. ***Mustafa v. City of Chicago***, 442 F.3d 544, 547 (7th Cir. 2006); ***Johnson v. Target Stores, Inc.***, 341 Ill. App. 3d 56, 791 N.E.2d 1206, 1219-20 (1st Dist. 2003). An officer who has received information from a person who is a reasonably believable victim has probable cause to proceed with an arrest and prosecution.

Probable cause is an objective standard based on the information known to the officer at the time of the arrest. ***Devenpeck v. Alford***, 543 U.S. 146, 153

(2004); *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir.2010); *Carmichael v. Vill. of Palatine, Ill.*, 605 F.3d 451, 457 (7th Cir. 2010). "[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck*, 543 U.S. at 153. "Probable cause requires only that a probability or substantial chance of criminal activity exists; it does not require the existence of criminal activity to be more likely true than not true." *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056-57 (7th Cir. 2011). An arrest is not invalid because the arresting officer was maliciously motivated. *Devenpeck*, 543 U.S. at 154; *Mucha*, 650 F.3d at 1057. "Subjective intent of the arresting officer, however it is determined (and of course subjective intent is always determined by objective means), is simply no basis for invalidating an arrest. Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest." *Devenpeck*, 543 U.S. at 154-55. *See also Jackson*, 627 F.3d at 638; *Carmichael*, 605 F.3d at 457. "When police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible." *United States v. McCauley*, 659 F.3d 645, 651 (7th Cir. 2011) (quoting *Pasiewicz v. Lake Cnty.*

*Forest Preserve Dist.*, 270 F.3d 520, 524 (7th Cir. 2001)). "The law gives a police officer latitude to make reasonable judgments in light of the circumstances. While an officer may not close his or her eyes to clearly exculpatory facts, the Fourth Amendment does not require an officer with probable cause to arrest to wait while pursuing further investigation. In some situations, an officer may be required to conduct some investigation before making an arrest; in others, an officer may have probable cause for arrest without any need for investigation. Relevant factors include the information available to the officer, the gravity of the alleged crime, the danger of its imminent repetition, and the amount of time that has passed since the alleged crime." *Stokes*, 599 F.3d at 624-25. *See also* ***Guzell v. Hiller***, 223 F.3d 518, 519-20 (7th Cir. 2000).[1]

---

[1]Plaintiff moves to strike an argument in Graham's and the City's reply that plaintiff's reliance on ***Spiegel v. Cortese***, 966 F. Supp. 684 (N.D. Ill. 1997) ("***Spiegel II***"), regarding the duty to investigate and probable cause is misplaced because the holding in ***Spiegel II*** was overruled in a subsequent Seventh Circuit decision ruling on related issues in the same case. *See* ***Spiegel v. Cortese***, 196 F.3d 717 (7th Cir. 1999) ("***Spiegel III***"). ***Spiegel II*** was a ruling denying summary judgment and was subsequently followed by a trial and a judgment against one defendant. ***Spiegel III*** reversed the judgment against the one defendant. Prior to ***Spiegel II***, the court had denied a motion to dismiss based on qualified immunity. *See* ***Spiegel v. City of Chicago***, 920 F. Supp. 891 (N.D. Ill. 1996) ("***Spiegel I***"). ***Spiegel III*** did not directly rule on ***Spiegel II***, a denial of summary judgment being moot when there has been a subsequent trial on the merits. ***Spiegel III***, though, did rule on related issues concerning the trial and the qualified immunity ruling in ***Spiegel I***. Holdings in ***Spiegel III*** regarding probable cause and the need for

Detective Graham could reasonably rely on the word of a police officer that he was a victim of aggravated battery while attempting to investigate possible possession of stolen items and a police officer's sworn complaint. Subsequently, the State's Attorney approved the prosecution and obtained an indictment. Graham's later investigation and interviews after the arrest do not undermine his action. The statements of witnesses and the surveillance tape do not preclude a finding that Officer Hammermeister's version of the facts could be accepted by a jury. Plaintiff's claims against Detective Graham are precluded by probable cause for his actions.

This finding of probable cause also establishes that Detective Graham is entitled to qualified immunity.

Accordingly, Graham is entitled to summary judgment dismissing the Count I, IV, and VI claims against him.

**Time-Barred Claims**

Defendants urge that plaintiff's state law claims of false arrest, assault and battery, and intentional infliction of emotional distress are time barred. They

---

investigation are inconsistent with and thus implicitly overrule holdings in ***Spiegel II***. Moreover, both sides in the present litigation should have cited more recent Seventh Circuit holdings on the issue, some of which are cited in the body of today's ruling. The motion to strike will be denied.

- 15 -

do not contend the malicious prosecution claims are time barred. The injury upon which Counts IV, V, and VII are based is the arrest of plaintiff on January 18, 2010. The statue of limitations for state law claims against a municipality or its employees is established by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a). Suit must be commenced within one year from the date that the injury was received. Plaintiff filed his original complaint on May 11, 2011, well beyond one year of the arrest. It was also more than one year after the February 2010 indictment.

Plaintiff argues that the claims are timely because the criminal action against him was not resolved until November 8, 2010, and that he could not have known that he had claims until that date. However, it has been held that false arrest and battery claims accrue at the time of the arrest and alleged battery, irrespective of the later results of court proceedings. ***Grzanecki v. Cook Cnty. Sheriffs Police Dep't***, 2011 WL 3610087 *2-3 (N.D. Ill. Aug. 16, 2011); ***Delgadillo v. Paulnitsky***, 2007 WL 1655252 *5 & n.1 (N.D. Ill. June 1, 2007). At the latest, the intentional infliction of emotional distress claims accrued at the time of plaintiff's indictment. ***Evans v. City of Chicago***, 434 F.3d 916, 934-35 & n.29 (7th Cir. 2006); ***Aleman v. Vill. of Hanover Park***, 748 F. Supp. 2d 869, 891-92

(N.D. Ill. 2010), *aff'd in part, rev'd in part on other grounds*, 662 F.3d 897, 900 (7th Cir. 2011).

Counts IV, V, and VII are time barred.

IT IS THEREFORE ORDERED that plaintiff's motion to strike [111] is denied. Defendants' motions for summary judgment [73, 87] are granted in part and denied in part. All claims against Graham except Count II are dismissed. All claims against Hammermeister except Counts I, II, and VI are dismissed. All claims against unknown Chicago police officers are dismissed. Related claims as against the City are dismissed. In open court on May 23, 2013 at 2:00 p.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1, including trial

briefs, proposed voir dire questions, motions in limine with supporting briefs, and proposed jury instructions.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MARCH 25, 2013