IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CALVIN BUCHANAN,                )
                                )
        Plaintiff,              )
                                )
v.                              )   No. 11 C 3135
                                )
JOHN GRAHAM, et al.,            )
                                )
        Defendants.             )

# OPINION AND ORDER

Plaintiff Calvin Buchanan brought this action against two named police officers, the City of Chicago, and a private entity that employed one of the officers as a security guard. Plaintiff alleged federal claims of unlawful seizure, excessive force, and conspiracy. He also alleged state law claims of false arrest and imprisonment, assault and battery, malicious prosecution, and intentional infliction of emotional distress. The private entity was dismissed by agreement. On summary judgment, all claims were dismissed except federal unlawful seizure against one officer, excessive force against both officers, and malicious prosecution against one officer, plus the related indemnity claim against the City.

*See **Buchanan v. Graham***, 2013 WL 1283405 (N.D. Ill. March 25, 2013).  The remaining claims were tried before a jury which returned a verdict in defendants' favor.  Pending is defendants' bill of costs seeking $3,122.05.  Plaintiff contends that, due to his indigency, no costs should be assessed against him.  Alternatively, he contends the costs should be reduced to $1,505.40.

"[I]t is 'within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d).'"  **Rivera v. City of Chicago**, 469 F.3d 631, 634 (7th Cir. 2006) (quoting **Badillo v. Cent. Steel & Wire Co.**, 717 F.2d 1160, 1165 (7th Cir. 1983)).  Denying costs based on indigency is a narrow exception; the losing party bears the burden of proof and must overcome the presumption in favor of awarding costs.  **Rivera**, 469 F.3d at 636.  First, there must be "a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'"  **Id.** at 635 (quoting **McGill v. Faulkner**, 18 F.3d 456, 459 (7th Cir. 1994)).  "Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs.  No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs."  **Rivera**, 469 F.3d at 635-36.

Here, plaintiff provided a financial affidavit at the time he sought to proceed *in forma pauperis* and recently provided a declaration reaffirming that information and providing some additional information. Although married, plaintiff is separated and lives apart from his wife. Plaintiff is not supported by others and has no savings. He relies only on the $676 a month he receives in supplemental security income ("SSI"). In June 2008 plaintiff was found to be disabled since at least November 2005 based on three impairments.[1] In his declaration, plaintiff conclusorily states that his monthly expenses generally exceed the amount of his SSI. Although he does not detail his expenses, given the low amount of available income and lack of savings, it is accepted as true that plaintiff's expenses generally exceed his income. It is found that plaintiff is presently incapable of paying costs. Also taking into consideration the basis for the disability findings as well as plaintiff's testimony at trial, it is further found that plaintiff is not likely to find employment in the future and therefore is likely to be incapable of paying the costs in the future. Plaintiff meets the threshold requirement.

---

[1]Plaintiff apparently continues to receive SSI based on this 2008 determination although he was employed by Ceasefire on an intermittent basis until January 2010.

The amount of costs are not particularly high compared to other federal cases, but they are high as compared to plaintiff's income. The claimed costs represent nearly five months of plaintiff's SSI payments and the reduced amount contended by plaintiff still represents more than two months of SSI payments. Plaintiff's principal claim was excessive force. That claim survived summary judgment. While the extent of the claimed injury was not high, it was sufficient to satisfy the injury component of excessive force. Whether the force exerted was unreasonable was a disputed question of fact. It was largely plaintiff's testimony against that of each defendant, with some others present corroborating the defendants' testimony. Still, there were possible inconsistencies in the testimony of each defendant. As to both defendants, there were contestable issues of fact. This is not such a weak case or so low of costs that plaintiff's indigency should be ignored. No costs will be awarded.

IT IS THEREFORE ORDERED that plaintiff's motion to alter judgment [233] is granted. Defendants' motion for a bill of costs [246] is denied. The

judgment previously entered is amended to provide that each party shall bear its own costs.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 23, 2014